### Charles Burgett v. G. A. Strean.

1. CONTRIBUTION—*Between Co-sureties.*—A surety on a note is entitled to contribution from his co-surety when he is compelled to pay the note with his own money.

Assumpsit, for contribution. Appeal from the Circuit Court of Iroquois County; the Hon. ROBERT W. HILSCHER, Judge, presiding. Heard in this court at the May term, 1899. Affirmed. Opinion filed October 12, 1899.

C. W. RAYMOND and F. O. CAVITT, attorneys for appellant.

C. H. PAYSON and NELLY B. KESSLER, attorneys for appellee.

Burgett v. Strean.

MR. PRESIDING JUSTICE CRABTREE delivered the opinion of the court.

Appellee sued appellant, before a justice of the peace, to recover one-half of the amount due on a promissory note executed by J. M. Strean, G. A. Strean and appellee to W. A. Montgomery, for the sum of $600. The note was dated February 14, 1896, and due January 1, 1897; J. M. Strean, the principal maker, paid all that was due on the note except $355.20, prior to March 5, 1897, on which date appellant claims he paid the last named amount in full of the balance due, and brings this suit to recover one-half thereof, on the ground that appellee was a co-surety. In the Circuit Court there was a trial by jury, resulting in a verdict and judgment for appellee for $177.60. A motion for new trial having been overruled, appellant prosecutes this appeal. The defense was that this sum of $355.20 was paid out of the proceeds of property belonging to J. M. Strean, the principal, and not with the funds of appellee. All the facts were before the jury, and we think the evidence was sufficient to warrant the verdict.

It is contended here that there is no evidence in the record showing that appellant and appellee were co-sureties, but we think the evidence was sufficient to authorize the jury to find they were such sureties.

Both parties in the court below tried the case upon the theory they were co-sureties upon the note in question, and the only defense made was the one we have already mentioned, viz.: that the funds of the principal and not those of appellee paid the note. While one or two of the instructions may have been somewhat faulty, they were not sufficiently erroneous to require a reversal. The jury could not have been misled by them and the verdict was so clearly right that the judgment must be affirmed. Judgment affirmed.